**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq.
Nicole Fulfree, Esq.
Michael Papandrea, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| Mountain Creek Resort, Inc., *et al.*,[1] | Case No. 17-19899 (SLM) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND APPOINTMENT OF PRIME CLERK LLC AS CLAIMS AND NOTICING AGENT EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned proposed counsel, submit this application (the "Application") for entry of an order, substantially in the form submitted herewith, authorizing the retention and appointment of Prime Clerk LLC ("Prime Clerk") as claims and noticing agent for the Debtors, effective as of the Petition Date (defined below). In support of this Application, the Debtors submit the *Declaration of Michael J. Frishberg in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Appointment of Prime Clerk LLC as Claims*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Mountain Creek Resort, Inc. (4557), Mountain Creek Services Inc. (3228), Mountain Creek Management, LLC (1394), Mountain Creek Mountainslide, LLC (1545), Mountain Leasing LLC (6057), and Appalachian Liquors Corporation (9542).

*and Noticing Agent Effective as of the Petition Date* (the "Frishberg Declaration") and the *Declaration of Jeffrey Koffman in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith, and respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicate for the relief requested herein is section 156(c) of title 28 of the United States Code.

## BACKGROUND

3. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), commencing the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of New Jersey.

4. The Debtors are operating their business and managing their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no request has been made for the appointment of a trustee or examiner and no statutory committee has been appointed in the Chapter 11 Cases.

5. A detailed description of the Debtors' business and the facts surrounding the commencement of the Chapter 11 Cases is set forth in the First Day Declaration, which is incorporated herein by reference.

**RELIEF REQUESTED**

6. By this Application, the Debtors seek an order pursuant to section 156 of title 28 of the United States Code authorizing the retention and appointment of Prime Clerk as claims and noticing agent for the Debtors, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Prime Clerk Engagement Agreement, by and between the Debtors and Prime Clerk (the "Services Agreement"), in the form attached to the proposed Order granting the Application as Exhibit 1. The Debtors' selection of Prime Clerk to act as the claims and noticing agent has satisfied the *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156*, in that the Debtors have obtained and reviewed engagement proposals from at least two other court-approved claims and noticing agents to ensure selection through a competitive process. Moreover, the Debtors submit, based on all engagement proposals obtained and reviewed, that Prime Clerk's rates are competitive and reasonable given Prime Clerk's quality of services and expertise.

7. Although the Debtors have not yet filed their schedules of assets and liabilities, the Debtors anticipate that there will be hundreds of entities to be noticed in these Chapter 11 Cases. In view of the number of anticipated claimants, the complexity of the Debtors' business, and the magnitude of parties who would be receiving notice in these Chapter 11 Cases from the Clerk's Office of the United States Bankruptcy Court for the District of New Jersey (the "Clerk's Office"), the Debtors submit that the appointment of a claims and noticing agent is both necessary and in the best interests of the Debtors' estates and their creditors. By appointing Prime Clerk as the claims and noticing agent in these Chapter 11 Cases, the distribution of notices and the processing of claims will be expedited, and the Clerk's Office will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

**PRIME CLERK'S QUALIFICATIONS**

8. Prime Clerk is one of the country's leading chapter 11 administrators with experience in noticing, claims administration, solicitation, balloting, and facilitating other

-3-

administrative aspects of chapter 11 cases. Prime Clerk has substantial experience in matters of this size and complexity, and has provided identical or substantially similar services in other chapter 11 cases in this District and others. *See, e.g.*, *In re East Orange General Hospital, Inc.,* Case No. 15-31232 (VFP) (Bankr. D.N.J. Nov. 10, 2015)*; In re C. Wonder LLC*, No. 15-11127 (MBK) (Bankr. D.N.J.); *In re Caesars Entm't Operating Co.*, No. 15-01145 (ABG) (Bankr. N.D. Ill.); *In re dELiA*s, Inc.*, No. 14-23678 (RDD) (Bankr. S.D.N.Y.); *In re Aereo, Inc.*, No. 14-13200 (SHL) (Bankr. S.D.N.Y.); *In re Dendreon Corp.*, No. 14-12515 (PJW) (Bankr. D. Del.); *In re ALCO Stores, Inc.*, No. 14-34941 (SGJ) (Bankr. N.D. Tex.); *In re Trump Entm't Resorts, Inc.*, No. 14-12103 (KG) (Bankr. D. Del.); *In re Crumbs Bake Shop, Inc.,* No. 14-24287 (MBK) (Bankr. D.N.J.); *In re MEE Apparel LLC*, No. 14-16484 (CMG) (Bankr. D.N.J.).

9. The Debtors believe that their estates and creditors will benefit from Prime Clerk's retention and that Prime Clerk is fully equipped to handle the volume of mailing involved in properly sending the required notices to, and processing the claims of, creditors and other parties in interest in these Chapter 11 Cases.

## SERVICES TO BE PROVIDED

10. Prime Clerk, at the request of the Debtors or the Clerk's Office, may perform claims and noticing services for the Debtors in accordance with the terms of the Services Agreement including, but not limited to, the following services (collectively, the "Claims and Noticing Services"):

   a. Prepare and serve required notices and documents in the Chapter 11 Cases in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including (i) notice of the commencement of the Chapter 11 Cases and the initial meeting of creditors under section 341(a) of the Bankruptcy Code, (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or the Court may deem necessary or appropriate for an orderly administration of the Chapter 11 Cases;

b. Maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

c. Maintain (i) a list of all potential creditors, equity holders and other parties-in-interest; and (ii) a "core" mailing list consisting of all parties described in sections 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; and update said lists and make said lists available upon request by a party-in-interest or the Clerk of the United States Bankruptcy Court for the District of New Jersey(the "Clerk");

d. Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court, and notify such potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

e. Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

f. For all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

g. Process all proofs of claim received, including those received by the Clerk's Office, and check said processing for accuracy, and maintain the original proofs of claim in a secure area;

h. Maintain the official claims register for the Debtors (the "Claims Register") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Register; and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.), and (vi) any disposition of the claim;

i. Implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

j. Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

k. If necessary, relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to Prime Clerk's offices, not less than weekly;

l. Upon completion of the docketing process for all claims received to date, turn over to the Clerk copies of the Claims Register for the Clerk's review (upon the Clerk's request);

m. Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

n. Identify and correct any incomplete or incorrect addresses in any mailing or service lists;

o. Assist in the dissemination of information to the public and respond to requests for administrative information regarding the Chapter 11 Cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

p. Monitor the Court's docket in these Chapter 11 Cases and, when filings are made in error or containing errors, alert the filing party of such error and work with them to correct any such error;

q. If the Chapter 11 Cases are converted to chapter 7, contact the Clerk's Office within three (3) days of the notice to Prime Clerk of entry of the order converting the Chapter 11 Cases;

r. Thirty (30) days prior to the close of this Chapter 11 Cases, to the extent practicable, request that the Debtors submit to the Court a proposed Order dismissing Prime Clerk and terminating the services of Prime Clerk upon completion of its duties and responsibilities and upon the closing of this Chapter 11 Cases;

s. Within seven (7) days of notice to Prime Clerk of entry of an order closing the Chapter 11 Cases, provide to the Court the final versions of the Claims Register as of the date immediately before the close of the Chapter 11 Cases; and

t. At the close of these Chapter 11 Cases, box and transport all original documents, in proper format, as provided by the Clerk's Office, to (i) the Federal Archives Record Administration, located at Central Plains Region, 200 Space Center Drive, Lee's Summit, MO 64064 or (ii) any other location requested by the Clerk's Office.

11. The Claims Register shall be opened to the public for examination without charge during regular business hours and on a case-specific website maintained by Prime Clerk.

12. Prime Clerk shall not employ any past or present employee of the Debtors for work that involves the Debtors' Chapter 11 Cases.

13. This Application pertains only to services to be provided by Prime Clerk under delegation of duties permitted by 28 U.S.C. § 156(c) and does not seek approval for Prime Clerk to perform any services outside of that scope. However, the Debtors reserve the right to seek to retain Prime Clerk to perform additional services pursuant to section 327 of the Bankruptcy Code.

## COMPENSATION

14. The fees and expenses that Prime Clerk will charge in connection with its services to the Debtors are set forth in the Services Agreement. The Debtors believe that the fees and expenses that will be incurred by Prime Clerk are administrative in nature and should not be subject to the standard fee application procedures for professionals. As such, the Debtors respectfully request that the undisputed fees and expenses incurred by Prime Clerk in the performance of the Claims and Noticing Services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156 and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court. Prime Clerk agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, counsel for any official committee, if appointed, and any party-in-interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Services Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if a resolution is not achieved, the parties may seek resolution of the dispute by the Court.

15. The parties shall have ten (10) days from receipt of a monthly invoice to review such invoice and raise any objections, either formally through the filing of an objection

with the Court or informally through a writing served on Prime Clerk, to the fees and expenses being requested by Prime Clerk.  The Debtors seek authorization to pay Prime Clerk the full amount of the requested fees and expenses upon expiration of the ten (10) day review period if no objection has been raised.  If an objection has been raised, however, either formally or informally, the Debtors will not pay the objected to amount pending agreement of the parties or an Order of this Court authorizing payment.

16. The Debtors are authorized, but not directed, to provide Prime Clerk a retainer in the amount of $20,000.  Prime Clerk will hold the retainer under the Services Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Services Agreement.

17. Additionally, under the terms of the Services Agreement, the Debtors have agreed to indemnify, defend and hold harmless Prime Clerk and its members, officers, employees, representatives and agents under certain circumstances specified in the Services Agreement, except in circumstances resulting solely from Prime Clerk's gross negligence or willful misconduct or as otherwise provided in the Services Agreement or Retention Order.  The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of a Claims and Noticing Agent in these chapter 11 cases.

## **PRIME CLERK'S DISINTERESTEDNESS**

18. Although, pursuant to this Application, the Debtors do not propose to retain Prime Clerk under section 327 of the Bankruptcy Code, Prime Clerk has nonetheless reviewed its electronic database to determine whether it has any relationships with the entities provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Frishberg Declaration, Prime Clerk has represented that it neither holds nor represents any interest materially adverse to the Debtors, their estates or their creditors with respect to matters upon which it is to be engaged, and that it is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code.  Prime Clerk will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such disclosure.

19. In connection with its retention as claims and noticing agent, Prime Clerk represents in the Frishberg Declaration, among other things, that:

(a) Prime Clerk is not a creditor of the Debtors;

(b) Prime Clerk will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

(c) By accepting employment in these chapter 11 cases, Prime Clerk waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

(d) In its capacity as the Claims and Noticing Agent in these chapter 11 cases, Prime Clerk will not be an agent of the United States and will not act on behalf of the United States;

(e) Prime Clerk will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

(f) Prime Clerk is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

(g) In its capacity as Claims and Noticing Agent in these chapter 11 cases, Prime Clerk will not intentionally misrepresent any fact to any person;

(h) Prime Clerk shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i) Prime Clerk will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j) None of the services provided by Prime Clerk as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's office.

**BASIS FOR RELIEF**

20. Section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of bankruptcy courts, authorizes the Court to use "facilities" or "services" other than the Clerk's Office for administration of bankruptcy cases. It states as follows:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

21. To help manage noticing, claims administration, and other administrative tasks with respect to the numerous creditors and other parties in interest that are expected to be involved in these Chapter 11 Cases, the Debtor seeks an order appointing Prime Clerk as the claims and noticing agent pursuant to 28 U.S.C. § 156(c) to relieve the Court and the Clerk's Office of the heavy administrative burdens described above.

22. Furthermore, the Debtors respectfully submit that the fees and expenses that would be incurred by Prime Clerk under the proposed engagement would be administrative in nature and, therefore, should not be subject to the standard fee application procedures for professionals.

**WAIVER OF MEMORANDUM OF LAW**

23. Because the legal basis upon which the Debtors rely is incorporated herein and the Application does not raise any novel issues of law, the Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3).

**NO PRIOR REQUEST**

24. No prior request for the relief sought herein has been made to this or any other court.

**NOTICE**

25. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (ii) the Internal Revenue Service, 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016; (iii) the New Jersey Division of Taxation Compliance and Enforcement - Bankruptcy Unit, 50 Barrack Street, 9th Floor, Trenton, NJ 08695; (iv) the Office of the Attorney General of the State of New Jersey, Division of Law, Richard J. Hughes Justice Complex, 25 Market Street, Trenton, NJ 08625; (v) the Office of the United States Attorney, Peter Rodino Federal Building, 970 Broad Street, Suite 700, Newark, NJ 07102; (vi) M&T Bank, PO Box 1302, Buffalo, NY 14240-1302; (vii) Head USA, Inc., 3125 Sterling Circle, Suite 101, Boulder, CO 80301; (viii) Alpina Sports Corp., 93 Etna Road, Lebanon, NH 03766; (ix) HSK Adventure, Inc., 300 Plaza Drive, Vestal, NY 13850; (x) Kuzari Investor 27335 LLC, 220 East 42nd Street, 29th Floor, New York, NY; (xi) Bank of America, N.A. Bank of America Corporate Center, 100 North Tryon St, Charlotte, NC 28255; (xii) The Township of Vernon, 21 Church Street, Vernon, NJ 07462; (xiii) Highlands State Bank, PO Box 160, Vernon, NJ 07462; (xiv)Visions Federal Credit Union, 24 McKinley Ave, Endicott, NY 13760-5491; (xv) Axess North America, 6433 N Business Loop Rd, Park City, UT 84098; (xvi) Proficio Bank, 6985 Union Park Center, Suite 150, Cottonwood Heights, UT 84047; (xvii) Dell Financial Services LLC, 12234 North Interstate 35, Suite 35B, Austin, TX 78753; (xviii) Marlin Business Bank, 300 Fellowship Rd, Mt Laurel, NJ 08054; (xix) Ally Financial Inc., Ally Detroit Center, 500 Woodward Ave, Detroit, MI 48226; (xx) Kubota Credit Corporation USA, 4400 Amon Carter Boulevard, Suite 100, Fort Worth, TX 76155; (xxi) GE Capital Information Technology Solutions, LLC, 300 E. John Carpenter Freeway, Irving, TX 75062-2712; (xxii) Bank of the West, Dept. LA 23091, Pasadena, CA 91185-3091; and (xxiii) the Debtors' twenty largest

unsecured creditors on a consolidated basis. In light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request that this Court: (i) enter an order, substantially in the form submitted herewith, granting the relief requested herein; and (ii) grant the Debtors such other and further relief as the Court deems just and proper.

Dated: May 15, 2017

Respectfully submitted,

**Mountain Creek Resort, Inc.,** *et al.*
*Chapter 11 Debtors and Debtors-in-Possession*

By: */s/ Jeffrey Koffman*
    Jeffrey Koffman
    Director and Chief Executive Officer